1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KAMURI M. SPEARS,                    No. 2:17-CV-0748-CMK

12                Plaintiff,

13         vs.                            <u>MEMORANDUM OPINION AND ORDER</u>

14   COMMISSIONER OF SOCIAL
     SECURITY,

15                Defendant.

16   _____/

17

18          Plaintiff, who is proceeding with retained counsel, brings this action under

19   42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security.

20   Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

21   judge for all purposes, including entry of final judgment.  <u>See</u> 28 U.S.C. § 636(c).  Pending

22   before the court are plaintiff's motion for summary judgment (Doc. 14) and defendant's cross-

23   motion for summary judgment (Doc. 18).

24   / / /

25   / / /

26   / / /

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on April 23, 2013. See CAR 25.[1] In the application, plaintiff claims that disability began on June 23, 2012. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on June 30, 2015, before Administrative Law Judge ("ALJ") Lawrence J. Duran. See id. In a July 28, 2015, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

> 1. The claimant has the following severe impairment(s): bilateral epocondylitis and carpal tunnel syndrome, right elbow extensor tendon tendinosis, cervical degenerative disc disease with radiculopathy and neck spasms, loss of normal lordotic curvature of the cervical spine, depression and anxiety disorder;
>
> 2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3. The claimant has the following residual functional capacity: sedentary work;
>
> 4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant is capable of performing past relevant work.
>
> See id. at 27-36.

After the Appeals Council declined review on February 7, 2017, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to

---

[1] Citations are to the Certified Administrative Record lodged on November 29, 2017 (Doc. 12).

support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  <u>See</u> <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  <u>See</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  <u>See</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, <u>see</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ's residual functional capacity assessment is not supported by substantial evidence.  Specifically, plaintiff argues that the ALJ failed to articulate sufficient reasons for rejecting the opinions of treating physician Christopher Chen, M.D.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  <u>See</u> <u>id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  <u>See</u> <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 & n.4

(9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

As to Dr. Chen's treating records, the ALJ stated:

On February 18, 2014, the claimant began treating with Dr. Christopher Chen (Exhibit 9F/35). She reported pain in the neck with radiation down the bilateral shoulders and upper extremities (*Id.*). The claimant reported that she had been treating her pain with Norco and lidocaine cream, but that she was out of her medications (*Id.*). Dr. Chen examined the claimant to have tenderness to palpation over the trapezius and paracervical muscles bilaterally, with decreased range of motion in the cervical spine (*Id.*). The

4

claimant had decreased strength of four out of five in the right upper extremity (*Id.*). She had all other normal findings (*Id.*). Dr. Chen continued the claimant's Norco and started Keroprofen Cream (*Id.*). Dr. Chen continued to treat the claimant with Norco and topical creams, with no significant improvement in findings or symptoms reported (*Id.* at 8-33). Beginning June 19, 2014, the claimant additionally had positive Phalen's bilaterally, and was prescribed a TENS unit to decrease spasms (*Id.* at 27). The claimant was also provided an H wave machine, which reported helped to decrease the pain by 40-50% (Exhibit 9F/1, 8, 12). The claimant also reported difficulty with sleep, and was provided medication for sleep, with good response (*Id.* at 10). On June 2, 2015, the claimant had completed six sessions with a chiropractor, but was still having neck pain and pain in the right wrist and forearm, with no changes in objective findings (*Id.* at 1). The claimant reported that pain medications were helpful, but were continuously being reduced due to pressure from insurance (*Id.* at 6).

CAR 33-34.

Regarding the doctor's opinions, the ALJ stated:

The undersigned has also considered the opinions submitted by Dr. Christopher Chen, dated June 26, 2015 (Exhibit 11F). Dr. Chen stated that there is a reasonable probability that the claimant would need to take unscheduled breaks from work activity during the workday for five minutes every one to two hours, and that her symptoms would interfere with her ability to perform sustained and competitive work occasionally, up to one third of the workday (*Id.*). Dr. Chen opined that the claimant can frequently perform manipulative activities bilaterally, but can rarely rotate her neck from side to side or flex her neck forward (*Id.*). The undersigned gives partial weight to Dr. Chen's opinions. Dr. Chen's opinion that the claimant can frequently perform manipulative activities bilaterally, but can rarely rotate her neck from side to side or flex her neck forward, are given great weight, as they are consistent with the medical record that the claimant has cervical degenerative disc disease with continued reported pain and tenderness to palpation as well as decreased range of motion, as well as slowly improving carpal tunnel syndrome and epicondylitis bilaterally in the upper extremities following physical therapy with objective findings of decreased strength of the upper extremity on the right and intermittent positive Phalen's test. However, the undersigned gives little weight to the remainder of Dr. Chen's opinions, as his extreme opinions are inconsistent with his medical record, conservative treatment of medication only, the limited objective findings stated, as well as the claimant's high activities of daily living. Additionally, Dr. Chen inconsistently stated that the claimant's symptoms would interfere with her ability to perform sustained and competitive work for one third of the workday, but that she would only need a five-minute break every one to two hours of the workday.

<u>Id.</u> at 34-35.

1         Plaintiff argues that the ALJ erred by not addressing Dr. Chen's uncontroverted

2 opinion that plaintiff would likely be absent from work about two days per month.  As to this

3 limitation, plaintiff cites CAR 79 and notes that the vocational expert testified in this case that a

4 person who would be absent two days a month would be unemployable.  Plaintiff also argues

5 that, contrary to the ALJ's characterization, her treatment record is not conservative.  Next,

6 plaintiff argues that the ALJ's finding that Dr. Chen's opinions are inconsistent with the

7 treatment record is insufficient because the ALJ did not specify which portions of the record

8 demonstrated inconsistency.  Finally, plaintiff argues that the ALJ's reference to her daily

9 activities is insufficient because the ALJ "failed to explain how these activities are inconsistent

10 with Dr. Chen's opinions."

11         The court finds that the reason cited by the ALJ but not discussed by plaintiff –

12 lack of objective findings stated by the doctor to support the opined limitation – is legally

13 sufficient.  As defendant notes, Dr. Chen's opinions are contained on a check-the-box form dated

14 June 26, 2015.  See CAR 634-37.  Dr. Chen provides no comments supporting any of his

15 opinions.  See id.  Because the Commissioner need not give weight to conclusory opinions, see

16 Meanel, 172 F.3d at 1113, the court finds no error.

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

# IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

      1.     Plaintiff's motion for summary judgment (Doc. 14) is denied;

      2.     Defendant's cross-motion for summary judgment (Doc. 18) is granted; and

      3.     The Clerk of the Court is directed to enter judgment and close this file.

DATED:  August 27, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE